## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

———————————————————— )
)
**MIDWEST FASTENER CORP.,** *et al,*   )
)
**Plaintiffs,**   )
)
**v.**   )   **Case No. 1:13-cv-01337-ESH**
)
**KATHLEEN SEBELIUS,** *et al.,*   )
)
**Defendants.**   )
———————————————————— )

## DEFENDANTS' NOTICE OF NON-OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

In light of the ruling of a motions panel of the D.C. Circuit in *Gilardi v. HHS*, No. 13-5069 (D.C. Cir. Mar. 29, 2013), granting an injunction pending appeal in a case similar to this one challenging the contraceptive coverage regulations, defendants do not oppose plaintiffs' pending Motion for Preliminary Injunction, ECF No. 8, on *only* plaintiffs' Religious Freedom Restoration Act (RFRA) claim, until such time as the appeal in *Gilardi* is resolved.[1] Defendants agree with the district court's reasoning in denying the plaintiffs' request for a preliminary injunction in *Gilardi v. Sebelius*, 926 F. Supp. 2d 273 (D.D.C. 2013), *appeal pending sub nom. Gilardi v. HHS*, No. 13-5069 (D.C. Cir.). For the reasons stated by the district court in that decision, as well as defendants' opposition brief in *Gilardi*; the Sixth Circuit's opinion in *Autocam Corp. v. Sebelius*, __ F.3d __, 2013 WL 5182544 (6th Cir. Sept. 17, 2013); the Third Circuit's opinion in *Conestoga Wood Specialties Corp. v. Sebelius*, 724 F.3d 377 (3d Cir. 2013); Chief Judge Briscoe's dissent in *Hobby Lobby Stores, Inc. v. Sebelius*, 723 F.3d 1114, 1164-78 (10th Cir. 2013), and the opinions of all of the other courts that have ruled in the government's favor in similar cases, defendants do not believe that plaintiffs are likely to succeed on the merits

_____
[1] Defendants' Motion for a Stay of All Deadlines in Light of Lapse of Appropriations, ECF No. 10, is still pending.

of any of their claims, and believe that the unexplained decision of the motions panel in *Gilardi* was incorrect. Furthermore, that decision is not binding on this Court. *See United States v. Henderson*, 536 F.3d 776, 778 (7th Cir. 2008); *In re Rodriquez*, 258 F.3d 757, 759 (8th Cir. 2001); *Lambert v. Blackwell*, 134 F.3d 506, 513 n.17 (3d Cir. 1997). Nonetheless, defendants acknowledge that, even if this Court were to agree with defendants and deny plaintiffs' request for a preliminary injunction, plaintiffs would likely then seek an injunction pending appeal, which, in light of the decision of the motions panel in *Gilardi*, would likely be granted. Therefore, defendants do not oppose the entry of preliminary injunctive relief in favor of plaintiffs based on their RFRA claim at this time, to last until the pending appeal in *Gilardi* is resolved. Defendants would suggest that the preliminary injunction remain in effect until 30 days after the mandate issues from the D.C. Circuit in *Gilardi*, to give the Court and the parties sufficient time to assess the impact of the D.C. Circuit's ruling on this case.[2]

Dated: October 15, 2013

Respectfully Submitted,

STUART F. DELERY
Assistant Attorney General

RONALD C. MACHEN JR.
United States Attorney

JENNIFER RICKETTS
Director, Federal Programs Branch

SHEILA M. LIEBER
Deputy Director

/s/ Jacek Pruski
JACEK PRUSKI

---

[2] For a variety of reasons, defendants *do* object to the language of plaintiffs' Proposed Order, ECF No. 8-2. In particular, the language of plaintiffs' Proposed Order encompasses their First Amendment Free Exercise Clause claim. *See id.* at 1. Defendants would oppose the entry of preliminary injunctive relief based on that claim—the government's non-opposition extends only to plaintiffs' RFRA claim. Furthermore, the language of plaintiffs' Proposed Order suggests that the Court has made legal findings that it will have no occasion to make in light of defendants' non-opposition to preliminary injunctive relief.

California Bar No. 277211
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., NW
Washington, D.C. 20530
Tel: (202) 616-2035
Fax: (202) 616-8470
jacek.pruski@usdoj.gov

*Attorneys for Defendants*